OPINION OF THE COURT
Carl O. Callender, J.
I. PROCEDURAL POSTURE
Respondent’s attorney moves to join the Human Resources *915 Administration (hereinafter referred to as HRA), Protective Services for Adults (hereinafter referred to as PSA) as a party to this proceeding pursuant to CCA 110 (d) and CPLR 401 and 1001 (a).
II. CONTENTIONS OF THE PARTIES
The attorney for the Department of Social Services (hereinafter referred to as DSS) states in opposition to the motion that what the respondent is asking the Civil Court to do is provide relief in the nature of a mandamus. The Civil Court has no such jurisdiction, says the DSS attorney while citing CPLR 7804 (b) and the cases of Jonas Equities v Brunelle (NYLJ, June 29, 1992, at 32, col 6 [App Term, 2d Dept]) and Affordable Hous. SJP-LP v DeKalb (160 Misc 2d 1003 [App Term, 2d Dept]).
The respondent’s attorney argues that a higher court, the Appellate Division, First Department, fully recognizes the appropriateness of a joinder of DSS when necessary to " 'promote the public interest’ ” in the Housing Court. (See, McQueen v Grinker, 158 AD2d 355, 359 [1st Dept 1990].)
The respondent’s attorney notes the need for DSS through PSA to take appropriate steps to evaluate the respondent to determine the appropriateness of the appointment of a guardian ad litem. She also recognizes the need of HRA through PSA to consider the respondent’s eligibility for the full spectrum of PSA services including the prevention of her eviction as well as the prospect of DSS paying the respondent’s rent arrears and ongoing rental payments to the petitioner. The respondent observes that PSA already has an open and active case pending on her and that PSA is the appropriate agency who could save her from her present state of mental impairment. Her attorney spells out that the scope of PSA’s responsibilities is set forth in Social Services Law article 9-B and correlative regulations 18 NYCRR part 457. The respondent’s attorney also points to the power of this court to order joinder through its authority as parens patriae. She argues that the Housing Court has responsibility for making determinations that protect the abused and disenfranchised individuals whose mental ability has become impaired. (Black’s Law Dictionary 1003 [5th ed 1979]; New York City Hous. Auth. v Hart, 147 Misc 2d 56 [Civ Ct, NY County].)
III. JUDICIAL ANALYSIS
The key question before the court seems to be: Is it in the best interest of judicial economy, justice, or public policy to *916 require PSA to participate in the instant proceeding? The respondent believes the court should require their joinder. The HRA believes the Civil Court has no jurisdiction to require their addition to the case.
1. Constitution and Social Services Law
It is true that Social Services Law article 9-B and the State agency regulations, 18 NYCRR part 457, require the provision of protective services to mentally impaired adults such as the respondent herein. It is equally apparent that the New York State Constitution mandates that the State provide real assistance to needy persons such as the respondent herein. (See, NY Const, art XVII, § 1.) Hence it is certainly reasonable to conclude that the court has authority to require PSA’s participation based simply on the State Constitution and Social Services Law.
2. Factual Considerations
Those laws certainly command that DSS make a special effort to do all it can do as quickly as possible to help the impaired and underprivileged. Certainly few would argue with that proposition. Yet in the instant case PSA has taken a long and tortuous road to accomplish very little that is helpful to the respondent. The respondent’s attorney has been requesting an evaluation on respondent from PSA since April 1997. As of August 1, 1997, no evaluation has been produced. Further, DSS and PSA have been requested to determine eligibility for PSA services and shelter allowances since April 1997. To date, no determinations have been made.
In the instant case the respondent is an elderly person who is at risk of eviction from her long-term residence due to her alleged mental impairment. The respondent’s guardian ad litem and attorney claim HRA’s joinder is imperative in order that the petitioner be afforded an opportunity for complete relief by payment of rent, and so the tenant will not be evicted simply because she is mentally impaired. Respondent’s attorney contends that only with the assistance of HRA, DSS and PSA can the petitioner be made whole, because then the respondent would be able to pay her rent arrears and ongoing monthly rent payments, especially with PSA’s intervention.
3. CPLR 1001 (a)
CPLR 1001 (a) does seem to require joinder when complete relief can only be accorded if the third party seeking to be *917 joined is present. (See also, McQueen v Grinker, 158 AD2d 355 [1st Dept 1990], supra)
4. New York City Civil Court Act
CCA 110 (d) permits the HRA and all of its agencies to be impleaded when the Housing Court believes it would be more effective to protect and promote the public interest (see, McQueen v Grinker, supra). It is evident that HRA does have the capacity to propose or provide remedies that can prevent the eviction of impaired and otherwise helpless tenants such as the respondent.
IV. CONCLUSIONS OF THE COURT
In view of the fact that the legislative enactments of the State of New York (including the Constitution and other State laws) endorse the joinder of HRA in circumstances such as the instant case, HRA is currently involved with the instant respondent’s situation, and HRA and its agencies have the capacity, the authority and the duty to provide eviction prevention services to the respondent in question, this court finds ample basis to order that HRA and its agencies, including DSS and PSA, be joined as a party to this proceeding. They are requested to provide an evaluation to the court regarding the eligibility of respondent for their services and to issue a report regarding what they are able to do on behalf of the respondent to prevent her eviction. HRA is not required by means of this order to make any particular decision regarding eligibility. Rather, it is ordered simply to investigate, evaluate and inform the court regarding what it has determined it is prepared and able to do about respondent Esther Jackson’s imminent eviction risk.
V. ORDER OF THE COURT
Therefore the respondent’s motion to join HRA, PSA as a party pursuant to CCA 110 (d) and CPLR 401 and 1001 (a) is hereby granted.